# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

VICTORIA GAMBINO, et al.    :
  Plaintiffs,      :
            :
    v.       :     3:09-cv-00304 (CFD)
            :
AMERICAN GUARANTEE & LIABILITY :
INSURANCE COMPANY    :
  Defendant.      :

## RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiffs, Victoria Gambino and Jan Costello, bring this action against American

Guarantee & Liability Insurance Company ("American Guarantee") for breach of contract.  The

plaintiffs seek to recover a judgment entered in their favor (the "Gambino State Court

judgment") against a law firm that held a liability policy with American Guarantee.[1]  Pending is

---

[1] The plaintiffs originally filed this claim in the Connecticut Superior Court.  The defendant removed the action pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. Although the defendants removed the action claiming the amount in controversy exceeded $75,000, as required by the diversity statute 28 U.S.C. § 1332, the Court at oral argument *sua sponte* raised the issue of subject matter jurisdiction because the amount in controversy appeared to be exactly $75,000.  The Court requested further briefing on the amount in controversy issue, and now concludes that it does have subject matter jurisdiction.  Under Connecticut law, the plaintiffs can recover interest on the $75,000 stipulated judgment should they succeed on the merits.  See Conn. Gen. Stat. § 37-3b(a) ("[I]nterest at the rate of ten per cent a year, and no more, shall be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date that is twenty days after the date of judgment or the date that is ninety days after the date of verdict, whichever is earlier, upon the amount of the judgment.").  Interest on the Gambino State Court judgment that accrues pursuant to Conn. Gen. Stat. § 37-3b(a) merges into the $75,000 judgment for the purposes determining the amount in controversy for diversity jurisdiction.  See Richie v. Richie, 186 F. Supp. 592, 594 (E.D.N.Y. 1960) ("The word 'interest' in 28 U.S.C. § 1332(a) means interest as interest.  It does not include interest in a judgment sued on.").  Because the $75,000 stipulated judgment plus interest exceeds $75,000, removal was proper and the Court has subject matter jurisdiction.

the defendant's motion for summary judgment.  For the reasons that follow, the motion is denied.

I.      **Background**[2]

On July 20, 2006, American Guarantee filed a diversity action ("the Rescission Action")

before this Court seeking rescission of a professional liability insurance policy issued to the law

firm of Feinstein & Hermann, P.C. ("F&H").  See Civil Action No. 3:05-cv-01165 (CFD).  The

defendants in the Rescission Action were Stephen Feinstein, Norton Feinstein, and F&H.  In the

complaint in the Rescission Action, American Guarantee alleged that Stephen Feinstein, one of

F&H's principals, signed the application for the insurance policy without disclosing to American

Guarantee a then-existing lawsuit against the Feinsteins and the existence of one or more

reprimands, disciplinary actions, or current investigations with respect to the Feinsteins.

Stephen Feinstein and F&H appeared in the lawsuit and answered the complaint, denying

the alleged failure to disclose the existence of a lawsuit or the existence of reprimands,

disciplinary actions, or current investigations.  Norton Feinstein did not appear or answer the

complaint.  American Guarantee moved for judgment pursuant to Fed. R. Civ. P. 54(b), 56(a), or

55(b).  Stephen Feinsten, Norton Feinstein, and F&H did not file an opposition to American

Guarantee's motion.  This Court granted default judgment, absent objection, in January 2007.

See Civil Action No. 3:05-cv-01165 (CFD), Docket # 47 (January 22, 2007) & 48 (January 25,

2007).[3]

On March 31, 2005, prior to American Guarantee's filing of the Rescission Action, the

_____

[2]The following facts are taken from the parties' Local Rule 56(a) statements, summary
judgment briefs, and other evidence submitted by the parties.  They are undisputed unless
otherwise indicated.

[3]The plaintiffs in the instant action did not attempt to intervene in the Rescission Action.

plaintiffs in the instant action filed an action in the Connecticut Superior Court against Stephen

Feinstein and F&H to recover for legal malpractice.[4]  See Victoria J. Gambino and Jan A.

Costello v. Stephen Feinstein and Feinstein & Hermann, P.C., FST-CV-05-4004132-S ("the

Gambino State Court Action").  Before this Court's entry of default judgment in the Rescission

Action, American Guarantee had been providing Stephen Feinstein and F&H with a defense in

the Gambino State Court Action.  While the Gambino State Court Action was pending, however,

this Court granted default judgment in the Rescission Action.  Following the entry of default

judgment in the Rescission Action, American Guarantee withdrew from providing a defense in

the Gambino State Court Action.  On June 5, 2007, after American Guarantee withdrew its

defense, the parties to the Gambino State Court Action entered into a stipulated judgment of

$75,000.  The entire Gambino State Court judgment remains unsatisfied, and American

Guarantee maintains it is not responsible for the judgment because the insurance policy it issued

to F&H was rescinded.

        Gambino and Costello now sue American Guarantee for breach of contract to recover the

$75,000 Gambino State Court judgment on the basis of the insurance policy that was rescinded

by the default judgment of this Court in the Rescission Action.

## II.    Summary Judgment Standard

        In a summary judgment motion, the burden is on the moving party to establish that there

are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of

---

[4]On October 7, 2002, Victoria Gambino was in a motor vehicle accident.  She and
Costello (Gambino's mother) retained Feinstein to pursue a claim against the other driver.  The
malpractice claim arose out of Feinstein's failure to file suit or attain a settlement within the
applicable statute of limitations.

law.  See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  A court

must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P.

56(c)); accord Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993). A dispute regarding a

material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party."  Anderson, 477 U.S. at 248.

**III.**   **Discussion**

The Connecticut Direct Action Statute, Conn. Gen. Stat. § 38a-321, provides that a

judgment-creditor will be subrogated to all of the rights of the insured and provides the

judgment-creditor with a direct right of action against the insurer to enforce its claims.[5]  The

---

[5]The statute provides:

Each insurance company which issues a policy to any person, firm or corporation, insuring against loss or damage on account of the bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a loss occurs under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured after the assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment.

plaintiffs argue that pursuant to the Direct Action Statute, they have a right of action against American Guarantee because American Guarantee insured F&H at the time Gambino's right of action against F&H arose.  American Guarantee contends that the Direct Action Statute does not provide the plaintiffs with a cause of action against American Guarantee because the default judgment in the Rescission Action had the effect of voiding from its inception F&H's insurance contract with American Guarantee.  See Mt. Airy Ins. Co. v. Millstein, 928 F. Supp. 171, 174-76 (D. Conn. 1996) (holding that rescission of a contract voids it from its inception).  The question of whether the default judgment in the Rescission Action prevents the plaintiffs here from bringing an action pursuant to the Direct Action Statute, however, is intertwined with the res judicata and collateral estoppel issues.

American Guarantee argues that the plaintiffs are barred by res judicata or collateral estoppel from relitigating the issue of whether the Feinsteins' insurance policy with American Guarantee was subject to rescission.  The parties agree that the court must "apply federal law in determining the preclusive effect of a federal judgment."  Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002); see also Semtek Int'l Incorp. v. Lockheed Martin Corp., 531 U.S. 497, 507-08 (2001) (holding that federal common law governs the claim-preclusive effect of a judgment in a federal diversity action); see also Tibbetts v. Stempel, 354 F. Supp. 2d 137, 145-46 (D. Conn. 2005) (discussing Semtek).[6]  The federal rule of law, however, is to apply the law that

_____

Conn. Gen. Stat. § 38a-321.

[6]The Second Circuit recently discussed the lack of clarity regarding whether state or federal law should apply to determine the preclusive effect of a federal diversity judgment, but ultimately declined to rule on the issue.  See Indus. Risk Insurers v. Port Auth., 493 F.3d 283, 288 (2d Cir. 2007).

would be applied by state courts in the state in which the rendering federal diversity court sits.

Semtek, 531 U.S. at 508.  Therefore, because jurisdiction in the Rescission Action was based on

diversity of citizenship of the parties, and Connecticut substantive law applied, this Court must

apply Connecticut preclusion law.  Moreover, Connecticut and federal res judicata law are

substantially similar.  See Tibbetts, 354 F. Supp. 2d at 145 n.17 (citing Carlyle Johnson Mach.

Co., LLC v. April, No. CV 970481243S, 2000 WL 234311 (Conn. Super. Ct. Feb 10, 2000)

(noting that, although federal res judicata law is broken out into four distinct "elements," and

Connecticut res judicata law is not, substantively they are similar)).

  "Res judicata and collateral estoppel 'express no more than the fundamental principle that

once a matter has been fully and fairly litigated, and finally decided, it comes to rest.' " Carlyle,

2000 WL 234311, *10 (quoting State v. Ellis, 197 Conn. 436, 465 (1985)).  "Under the doctrine

of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent

action, between the same parties or those in privity with them, upon the same claim."  Dowling v.

Finley Assoc., Inc., 727 A.2d 1245, 1250 (Conn. 1999); see also Tibbetts, 354 F. Supp. 2d at 146

("[T]o prevail on a motion for summary judgment premised on res judicata, the movant bears the

burden of showing that the earlier decision was (1) a final judgment on the merits; (2) by a court

of competent jurisdiction; (3) in a case involving the same parties or their privies; and (4)

involving the same cause of action, which is to say that both actions arise from the same common

nucleus of operative fact.").  In contrast, "collateral estoppel precludes a party from relitigating

issues and facts actually and necessarily determined in an earlier proceeding between the same

parties or those in privity with them upon a different claim."  Dowling, 727 A.2d at 1250-51; see

also Purdy v. Zeldes, 337 F.3d 253, 258 (2d Cir. 2003) ("[C]ollateral estoppel applies when (1)

the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and

decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the

issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on

the merits." (internal quotation marks omitted)).

      The plaintiffs' claim is not barred by res judicata because Gambino and Costello were not

in privity with the Feinsteins and F&H in the Rescission Action.  Res judicata may preclude

claims by parties who were not parties to the earlier lawsuit, but "claim preclusion may be

asserted only when the precluded party's interests have been represented in a previous lawsuit."

Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 344 (2d Cir. 1995).  Res judicata

does not require "a formal arrangement for representation in, or actual control of, the earlier

action," but does at least require that "the interests involved in the prior litigation are virtually

identical to those in later litigation."  Id.  This question does not depend on formalistic legal

relationships; rather, "Whether there is privity between a party against whom claim preclusion is

asserted and a party to prior litigation is a functional inquiry. . . . For purposes of claim

preclusion, the requisite privity must be found in the substantial identity of the incentives of the

earlier party with those of the party against whom res judicata is asserted."  Id. at 346.  Here, the

plaintiffs cannot be considered to have been in privity with the Feinsteins and F&H because they

did not share the same incentives.  While in theory both F&H and the plaintiffs would benefit

from arguing that the insurance policy should not be rescinded, in actuality the Feinsteins and

F&H did not have an incentive to fight the Rescission Action because they were judgment proof

and were at the time facing potentially harsher penalties, including criminal prosecution.

The plaintiffs' claim is also not barred by collateral estoppel because the rescission issue was not actually litigated in the Rescission Action.  Collateral estoppel prevents relitigation of an issue when that issue was actually litigated.  An issue is "actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined."  Dowling, 727 A.2d at 1251 (internal quotation marks omitted).  While in the Rescission Action there was litigation by default, it is not litigation that can be characterized having been in fact determined. Specifically, although two of the defendants in the Rescission Action did file an answer, one of the defendants never appeared, and none of the defendants filed any response to American Guarantee's motion for judgment.

This case is substantially similar to Willard v. Travelers Ins. Co., 71 A.2d 894 (Conn. 1998).  In that case, the insurer won by default judgment a declaratory judgment action that the insured was not entitled to coverage under the insurance policy.  Id. at 895. While the declaratory judgment action was pending, Willard, who had filed a separate personal injury claim against the insured, filed a motion to intervene, which the trial court denied.  Id.  Subsequently, Willard won a judgment against the insured in the personal injury action.  Id.  Willard then brought an action under the Direct Action Statute against the insurer to satisfy the judgment in the personal injury action.  Id.  The insurer argued that Willard was collaterally estopped by the default judgment from relitigating the issue of the insured's coverage under the insurance policy.  Id.  The Connecticut Supreme Court explained that the "requirement of full and fair litigation ensures fairness, which is a 'crowning consideration' in collateral estoppel cases."  Id. at 897.  The court held that "[t]here was no prior litigation in the present case, let alone litigation that could be characterized as actual, full, fair or thorough.  Instead, the declaratory judgment was obtained by

-8-

default, without so much as either an appearance by counsel for [the insured] or a hearing on the merits." Id. A factual difference between Willard and the instant case is that Willard attempted to but was denied the ability to intervene in the declaratory judgment action, whereas in this case, the plaintiffs made no attempt to intervene. While that fact certainly strengthened the Connecticut Supreme Court's holding in Willard, this Court does not read it as necessary to the holding. In this case, American Guarantee's collateral estoppel argument fails because the coverage issue was not actually, fully, and fairly litigated in the Rescission Action.

**IV.**   **Conclusion**

For the reasons set forth above, the defendant's motion for summary judgment [Dkt. # 13] is DENIED. The plaintiffs' motion to stay [Dkt. # 34] is DENIED at moot.

SO ORDERED this 28th day of September 2009, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**